IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIMBERLY SHEARS-BARNES                                                    PLAINTIFF

v.                              Case No. 4:20-cv-00161-LPR

ACURIAN, INC.                                                             DEFENDANT

## ORDER

Plaintiff Kimberly Shears-Barnes filed a Complaint alleging that Defendant Acurian Inc. violated the Telephone Consumer Protection Act ("TCPA") by sending her a text message without her consent about participating in a medical study.  *See* Pl.'s Compl. (Doc. 1).  Ms. Shears-Barnes brings claims on behalf of herself and on behalf of all others similarly situated.  *See id.* at 11-12. According to Acurian, Ms. Shears-Barnes "consented to be contacted by Acurian" and thus cannot state a viable claim.  Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 12) at 3.  This Order DENIES Acurian's Motion to Dismiss.

## Legal Standard

When a complaint "fail[s] to state a claim upon which relief can be granted," it is subject to dismissal.  FED. R. CIV. P. 12(b)(6).  A complaint survives a motion to dismiss when the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."  *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).  A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment . . . ." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, *Federal Practice and Procedure* § 1366). However, just "because one party submits additional matters" does not automatically convert a motion to dismiss into a motion for summary judgment. *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002) (quotation omitted). If a court "does not rely upon matters outside the pleadings" then the motion to dismiss is not converted to a motion for summary judgment. *Gorog*, 760 F.3d at 791 (citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003)).

<u>Analysis</u>

In relevant part, the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The prohibition has been interpreted to include text messages. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), as revised (Feb. 9, 2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii).").

In her Complaint, Ms. Shears-Barnes alleges that, "[in] or around 2019," she started receiving "unsolicited, promotional text messages from Acurian to her wireless phone ending in the number 1364, for which [she] provided no consent to call or text, in an attempt to solicit her business." Pl.'s Compl. (Doc. 1) ¶ 30.  While alleging numerous unsolicited, promotional texts, Ms. Shears-Barnes only specifically references one such text in her Complaint:

- "Help advance Migraine research.  Payment up to $400, varies by study.  Visit bit.ly/30HoRw2 or call 1-833-831-6450 today.  Reply STOP to opt out."

*Id.* ¶ 33.  Ms. Shears-Barnes also alleges in her Complaint that she "has never done business with [Acurian] and has never provided [Acurian] her phone number or consented to text message calls from [Acurian] on her mobile telephone."  *Id.* ¶ 34.

The Motion to Dismiss focused solely on the issue of consent.  *See generally* Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 12).  In support of its Motion, Acurian attached the Declaration of Richard Ngo.  Ex. 1 to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 12-1).  Mr. Ngo stated that:

- "On June 6, 2017, Plaintiff participated in a pre-screening questionnaire concerning a migraine headaches study.  Attached to my declaration as Exhibit A is a true and correct copy of a redacted Acurian business record [by] which Plaintiff gave Acurian written consent to make certain communications on June 6, 2017."

- "On March 26, 2019, Plaintiff participated in a pre-screening questionnaire concerning an arthritis study.  Attached to my declaration as Exhibit B is a true and correct copy of a redacted Acurian's business record [by] which Plaintiff gave Acurian written consent to make certain communications on March 25, 2019."

*Id.* ¶¶ 5-6.  Exhibits A and B referenced by Mr. Ngo and attached to his Declaration are spreadsheets that appear to indicate that Ms. Shears-Barnes clicked "Next" in response to the following prompt:

- "Your privacy is important to us.  By clicking 'Next,' you agree to our Privacy Policy and Terms of Use, and agree that we may share your information with personnel involved in

conducting the study and may contact you by phone using automated technology or other means regarding research studies."

Ex. 1 to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 12-1) at 3, 6.

In her Response, Ms. Shears-Barnes included a Declaration. The gist of her Declaration testimony is that (1) she "never provided any . . . information to [Acurian] or any website related to [Acurian]," (2) she "did not . . . go online to provide [her] personal information for any pre-screening questionnaires," (3) she "do[es] not suffer from migraines or arthritis, so [she] would never have filled out any survey for these conditions." Ex. 1 to Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss (Doc. 15-1) ¶¶ 3, 5, 10.

In its Reply, Acurian asks this Court to disregard Ms. Shears-Barnes's Declaration because: (1) the "factual information and allegations" in it are "not asserted nor alluded to in or by the Complaint," (2) the Declaration is "outside the pleadings" and thus "not properly before the Court," and (3) it would be "premature" to "convert [the] Motion to Dismiss into a motion for summary judgment." *See* Def.'s Reply in Supp. of Mot. to Dismiss (Doc. 16) at 3-4.

The Court agrees with Acurian that this case is not ready for summary judgment treatment. The Court further agrees that Ms. Shears-Barnes's Declaration cannot be considered on the Motion to Dismiss. But what's good for the goose is good for the gander. The Declaration of Mr. Ngo and the corresponding exhibits cannot be considered either. Acurian argues that while "generally [a court] must ignore materials outside the pleadings, . . . it may consider . . . materials that are 'necessarily embraced by the pleadings.'" Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 12) at 6 (cleaned up) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Acurian is right on the law, but wrong on the facts. In the circumstances of this case, the Declaration and the corresponding exhibits are not materials necessarily embraced by the pleadings.

4

Acurian chiefly relies on *Zean v. Fairview Health Services*, 858 F.3d 520 (8th Cir. 2017). In *Zean*, the Eighth Circuit approved of the district court's consideration—at the motion to dismiss stage—of "documents reflecting the contractual relationship" that Mr. Zean himself had alleged in his complaint. *Id.* at 527. That's a fairly bread-and-butter application of the "necessarily embraced by the pleadings" exception. The Eighth Circuit has long permitted consideration at the motion to dismiss stage of "'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Id.* at 526 (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). Accordingly, "'[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss" and that "is true even if the contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory of common law duty." *Id*. (quoting *Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)).

In *Zean*, the Eighth Circuit was quite clearly, and quite correctly, focused on the alleged prior contractual relationship between the parties. In its background section, the Eighth Circuit explained that "Zean's Class Action Complaint alleged" that: (1) "he purchased a medical device from Fairview in September 2014 that require[d] periodic purchases of replacement supplies[;]" and (2) soon thereafter, he "began receiving on his cellular telephone automated calls from Fairview referring to the device he had purchased and asking if he would like Fairview to send replacement supplies . . . ." *Id.* at 524. In its analysis section, the Eighth Circuit emphasized that "the Complaint alleged breach of a statutory TCPA duty ***arising out of a contractual relationship***, Zean's purchase of a medical device from Fairview." *Id.* at 527 (emphasis added). It was on this basis that the Eighth Circuit approved consideration of "[e]xhibits [that] purport to be documents reflecting the contractual relationship that refute th[e] conclusory allegation" of non-consent. *Id;*

5

*see also id.* at 528 (reiterating its view that the exhibits were "contractual documents embraced by the Complaint").[1]

The case at bar is different from *Zean* in a critical way. Ms. Shears-Barnes did not allege any pre-existing relationship with Acurian, much less a contractual one. Nothing in her Complaint indicates previous engagement or interaction with Acurian. Indeed, the exact opposite is true. As described above, Ms. Shears-Barnes's Complaint alleges that she "has never done business with [Acurian] and has never provided [Acurian] her phone number or consented to text message calls from [Acurian] on her mobile telephone." Pl.'s Compl. (Doc. 1) ¶ 34. The lack of any alleged prior relationship between Ms. Shears-Barnes and Acurian is what distinguishes our case from *Zean*; it is what makes the Declaration and exhibits submitted with the pending Motion to Dismiss unlike the "contractual documents" about "a contractual relationship" considered in *Zean*.

Acurian's read of *Zean* is too broad. If the materials submitted by Acurian fall into the *Zean* exception merely because they contradict Ms. Shears-Barnes's allegation of non-consent, then the *Zean* exception would swallow the general rule limiting district courts to consideration of the pleadings when resolving a motion to dismiss. On my read of *Zean* and its antecedents, the materials at issue in the case at bar are not "necessarily embraced by the pleadings." Nor do they fall into some other exception to the general rule. *See, e.g., Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (allowing consideration of "some materials that are part of the public record or do not contradict the complaint"). Accordingly, the materials constitute

---

[1]  Acurian also relies on *Steinhoff v. Star Tribune Media Co., LLC*. No. 13-CV-1750 SRN/JSM, 2014 WL 1207804, at *1 (D. Minn. Mar. 24, 2014). As in *Zean*, the plaintiff in *Steinhoff* had alleged a prior contractual relationship (a subscription) with the defendant. *Id.* at *1-2. In *Steinhoff*, Judge Nelson considered the Subscription Order as embraced by the pleadings, because the "terms of Plaintiff's subscription form the basis of this dispute" and "paragraph 12 of the Complaint refers specifically to that subscription." *Id.* at *2. Judge Nelson also considered an audio recording of the defendant's March 8, 2013 call with the plaintiff as embraced by the pleadings, because "paragraph 23 of the Complaint references th[at] very telephone conversation . . . ." *Id.*

"matters outside the pleadings" and "may not be considered in deciding a Rule 12 motion to dismiss." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).[2]

The Complaint alleges facts that, if true, show at least one unsolicited and non-emergency text to Ms. Shears-Barnes's cell phone using an automatic dialing system in the absence of prior consent.  The Complaint states a viable claim.  From what the Court gathers thus far, it appears that Ms. Shears-Barnes has a very tough road to hoe.  But that's not the standard for throwing out a case at this early stage.  Acurian's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 29th day of March 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[2]    Given the Court's ruling on this point, the Court need not address the type of consent necessary to avoid a TCPA violation, nor the element-vs-defense debate raised by the parties.